| | |
|---|---|
| ANTHONY JUNIOR BARNHILL, ) ) Petitioner, ) ) v. ) ) STATE OF NORTH CAROLINA, ) ) Respondents. ) ) | ORDER |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the undersigned for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. The matter also is before the court on petitioner's motion for funds to hire an expert (DE # 3), motion for leave to conduct discovery (DE # 4), motion to appoint counsel (DE # 5), motion for appropriate relief (DE # 6), motion to calendar (DE # 7), and motions to amend (DE # 9, 12).

The court ALLOWS petitioner's motions to amend. See Fed. R. Civ. P. 15(a). Upon a review of petitioner's pleadings, the court finds that petitioner's pleadings are unclear. Accordingly, he must particularize his complaint and state specifically each of his grounds for relief in the space provided on his § 2254 petition. The court further notifies petitioner that his amended petition will be considered his petition in its entirely, and the court will not review petitioner's other filings to glean any misplaced claims.

As for petitioner's motion for appointment of counsel, there is no constitutional right to

counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

Turning to petitioner's motion to conduct discovery, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery." Additionally, pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request." In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

Regarding petitioner's motion for funds to hire an expert witness, 18 U.S.C. § 3599(f) allows a court to "order the payment of fees and expenses" for an expert if the court determines that the appointment of an expert is "reasonably necessary for the representation of the defendants." This court has not determined that expert assistance is reasonably necessary in this action. Thus, petitioner's motion is DENIED.

The court next addresses petitioner's motion for appropriate relief and motion to calendar. Petitioner does not state what relief he seeks with these motions. Accordingly, they are DENIED as moot.

Finally, the court notes that petitioner named the State of North Carolina as respondent in this action. The proper party respondent for a habeas petition is the officer who has custody over the applicant, i.e. the warden. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); see 28 U.S.C. § 2242.

Accordingly, the court DISMISSES the State of North Carolina from this action, and petitioner is DIRECTED to name the proper party respondent in his amended petition.

In summary, the court rules as follows:

(1)    Petitioner's motions to amend (DE # 9, 12) are GRANTED. Petitioner is given twenty-one (21) days to provide the court with the requested information. The Clerk of Court is DIRECTED to send petitioner the form to submit his amended § 2254 petition.

(2)    Petitioner's motion for funds to hire an expert witness (DE # 3), motion for leave to conduct discovery (DE # 4), and motion to appoint counsel (DE # 5) are DENIED.

(3)    Petitioner's motion for appropriate relief (DE # 6) and motion to calendar (DE # 7) are DENIED as moot.

(4)    The State of North Carolina is DISMISSED from this action, and petitioner is DIRECTED to name the proper party respondent in his amended petition.

(5)    Failure to comply with this court's order will result in dismissal of this action without prejudice.

SO ORDERED, this the 16th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge