IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2141-FL

| | | |
|---|---|---|
| ANTHONY JUNIOR BARNHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA and | ) | |
| F. TAYLOR, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE 26) pursuant to Federal Rule of Civil Procedure 56 of respondent F. Taylor ("respondent"), which was fully briefed. Also before the court is petitioner's motion to appoint counsel and request for an extension of time (DE 33). The issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment and denies petitioner's motions.

**STATEMENT OF CASE**

On January 26, 2010, petitioner, in the New Hanover County Superior Court, was convicted of felony possession of stolen goods and was sentenced to ten (10) to twelve (12) months imprisonment. State v. Barnhill, No. COA10–1000, 2011 WL 2206717, *1 (June 7, 2011) (unpublished). Petitioner's sentence was consecutive to a one hundred nine (109) to one hundred thirty-three (133) month term of imprisonment for a separate offense that petitioner was serving. Id.

The North Carolina Court of Appeals subsequently granted petitioner a writ of certiorari and granted petitioner a belated appeal. Id. On June 7, 2011, the court of appeals issued an opinion finding no error. Id. On August 25, 2011, the North Carolina Supreme Court denied petitioner's petition for discretionary review and, on April 12, 2012, the supreme court dismissed petitioner's petition for discretionary review. See State v. Barnhill, 365 N.C. 342, 717 S.E.2d 380 (2011), State v. Barnhill, 724 S.E. 2d 531 (2012).

On December 28, 2011, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the New Hanover County Superior Court, which was denied on January 12, 2012. Pet. (DE 1) Attach., pp. 26-27. On March 30, 2012, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Resp't's Mem. Ex. 7. Petitioner's certiorari petition was dismissed on March 30, 2012. Pet. Attach., p. 22.

On June 14, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and then he filed a motion to amend his petition. The court subsequently reviewed petitioner's pleadings, found them to be unclear, and directed petitioner to file an amended petition. Petitioner was instructed that his amended petition would constitute his petition in its entirety, and informed petitioner that it would not review his other filings to glean any misplaced claims. Petitioner filed his amended petition on November 13, 2012, asserting the following claims: (1) ineffective assistance of trial counsel; (2) preclusion from the opportunity to notify family members and witnesses to be present at trial to testify; (3) failure of the court and defense attorney to notify petitioner about the consequences of his sentence; and (4) failure to prove the crime of felon in possession of stolen goods. Respondent filed a motion for summary judgment, which was fully briefed.

2

## STATEMENT OF FACTS

The facts as summarized by the North Carolina Court of Appeals are as follows:

> On the evening of 20 September 2008, Anthony Barnhill (defendant) and Keith Drakeford (Drakeford) were driving around looking for a house to break into so they could "[get] some money[.]" Defendant and Drakeford broke into the residence of Troy Sheffield (Sheffield) and Douglas Fox (Fox) on Wrightsville Avenue in Wilmington. The two stole a Samsung television, a Dell laptop computer, an X–Box game console, a digital camera, an I–Pod, speakers, video games, CDs, and DVDs belonging to Sheffield. Two televisions, a watch, noise cancelling headphones, and $2,500.00 in cash were stolen from Fox. On 25 September 2008, defendant and Drakeford were arrested at the scene of another alleged break-in. A search warrant was executed on 26 September 2008 and Wilmington police detectives searched defendant's apartment. Detectives found Sheffield's Samsung television and Dell laptop computer in defendant's apartment.
>
> Defendant was indicted on charges of second-degree burglary, felony larceny, and felony possession of stolen goods. On 21 January 2010, a jury found defendant guilty of felony possession of stolen goods, but could not reach a unanimous verdict as to the other two charges. The trial court determined that defendant was a prior record level IV for felony sentencing purposes and sentenced him to ten to twelve months imprisonment. The sentence was to begin at the expiration of a sentence defendant was currently serving.

Barnhill, 2011 WL 2206717 at *1.

## DISCUSSION

A.    Motion to Appoint Counsel

Petitioner requests that the court appoint him counsel to assist him with litigating this action. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court

3

does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

B.     Motion for an Extension of Time

Petitioner requests an extension of time to submit unidentified documents that plaintiff believes will be forthcoming from his family to "show and prove that property and restitution still held against [him] was already paid in full or handled due to [his] family either paying cash or having items returned." (DE 33). To the extent petitioner seeks an extension of time to prove that he has satisfied a portion of the restitution amount that he currently owes, such claim is not cognizable pursuant to § 2254. See Bulsa v. South Carolina, No. 8:07-0816, 2007 WL 4352750, at *3 (D.S.C. Dec. 10, 2007) ("[A] fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes . . . ."); Washington v. Smith, 564 F.3d 1350, 1351 (7th Cir. 2009) ("Washington's attack on counsel's handling of the restitution amount simply does not state a cognizable claim for relief under § 2254.") (citation omitted); Obado v. New Jersey, 328 F.3d 716, 717 (3d Cir. 2003) ("[A] fine-only conviction is not enough of a restraint on liberty to constitute 'custody' within the meaning of the habeas corpus statutes.") Based upon the foregoing, petitioner's request for an extension of time is DENIED.

B.     Motion for Summary Judgment

1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact.

4

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial.  Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d).  That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1) and (2).  A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court.  Williams v. Taylor, 529 U.S. 362, 406 (2000).  A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case."  Id. at 407.  A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply.  Id.  The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an

> objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

   2.   Analysis

      a.   Ineffective Assistance of Trial Counsel

The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish a two-prong test. First, a petitioner must show that the counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time. Id. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Petitioner must overcome "a strong presumption that counsel's representation was within the wide range of reasonable professional assistance" and establish "that counsel made errors so serious that counsel was not functioning as the counsel guaranteed [him] by the Sixth Amendment." Harrington v. Richter, 131 S.Ct. 770, 787 (2011). For the second prong, petitioner must show there is a "reasonable probability" that, but for the deficiency, the outcome of the proceeding would have been different. Id. at 694. Even then, however, habeas relief may be granted under Strickland only if the "result of the proceeding was fundamentally unfair or unreliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Sexton v. French, 163 F.3d 874, 882 (1998).

6

In his first ineffective assistance of counsel claim, petitioner asserts that his trial counsel was not prepared for trial and chose to proceed with trial causing petitioner to incur a ten (10) to twelve (12) month sentence for felony possession of stolen property. Petitioner, however, has not provided any factual support for this claim. Unsupported, conclusory allegations do not entitle a petitioner to an evidentiary hearing. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). Petitioner has not met his burden with respect to either prong of the Strickland test. Thus, the court GRANTS respondent's motion for summary judgment as to this ineffective assistance of counsel claim.

In his second ineffective assistance of counsel claim, petitioner contends that his trial counsel was ineffective because he did not provide petitioner with the time or the opportunity to notify family members or witnesses to be present at trial to testify on his behalf. Although the failure to investigate a crucial witness may suggest ineffectiveness of counsel, the failure to investigate every single person mentioned by the defendant is not tantamount to ineffective assistance. See Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998) (citing Gray v. Lucas, 677 F.2d 1086, 1093 n.5 (5th Cir. 1982)).

The record in the instant action reflects that, on the date of trial, petitioner requested an extension of time to locate potential witnesses. Resp't's Mem. Ex. 6, p. 16. Petitioner's counsel informed the court that petitioner had previously provided him with a list of potential witnesses, but that the witnesses could not be reached. Id. Counsel further informed the court that petitioner provided him with additional contact information for potential witnesses the day before trial. Id.

7

Counsel stated that he was only able to reach one of the witnesses identified by petitioner, and that the witness agreed to be present for trial.[1] Id. p. 17. Accordingly, the record reflects that petitioner's counsel acted reasonably in that he attempted to investigate and contact witnesses on behalf of petitioner.

The only evidence petitioner presents in support of this claim is an affidavit from the mother of his child, Camilla Antoinette Morris ("Morris"), stating that she allowed Keith Anton Drakeford's sister to store the stolen property at issue in the apartment she shared with petitioner. (See DE 24). However, petitioner does not present evidence indicating that Morris was available and willing to testify at trial. See United States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) (finding that when a petitioner faults counsel for not calling a witness, the petitioner should provide "concrete evidence of what the witness would have testified to in exculpation.") (quotations and citation omitted); Nickerson, 971 F.2d at 1136. Petitioner, further, has not presented any evidence that an extension of time would have assisted with obtaining any other witnesses or that any other witnesses would have been willing to testify at trial. See Hamilton v. Arthur, No. 7:06CV00682, 2007 WL 1795690, at *8 (W.D. Va. June 21, 2007) ("Courts cannot find an attorney ineffective for failing to call a witness when the only evidence of that witness's potential testimony is the Petitioner's conclusory statements."), appeal dismissed, 272 F. App'x 245 (4th Cir. 2008).

---

[1] To the extent petitioner alleges that the trial court violated his constitutional rights by denying his request for an extension of time for trial, his claim is meritless because the record reflects that the court investigated petitioner's request for an extension of time and found no basis for granting the extension. Petitioner does not present any evidence aside from conclusory allegations to support this claim. Nickerson, 971 F.2d at 1136 (stating that unsupported, conclusory allegations do not entitle a petitioner to an evidentiary hearing).

Based upon the foregoing, the court finds that petitioner failed to establish that his counsel acted unreasonably. Nor has petitioner established that any potential witness testimony would have been likely to alter the outcome of trial. Thus, petitioner failed to establish either prong of the Strickland test for this ineffective assistance of counsel claim.

In his third ineffective assistance of counsel claim, petitioner argues that his trial counsel was ineffective because he failed to ask the trial court to run the instant ten (10) to twelve (12) month sentence concurrent with his previously imposed sentence of one hundred three (103) to one hundred thirty-three (133) months imprisonment. Petitioner raised a version of this claim on direct appeal. The court of appeals adjudicated the claim and denied it on the merits. The court of appeals reasoned as follows:

> In his second argument, defendant contends that the trial court's imposition of a consecutive sentence was based upon defendant's refusal to accept the State's plea offer. We disagree.
>
> North Carolina courts have held that "a trial judge does not err by simply engaging in a colloquy with a criminal defendant for the purpose of ensuring that a defendant understands and fully appreciates the nature and scope of the available options[.]" State v. Pinkerton, 205 N.C. App. 490, ——, 697 S.E.2d 1, 10 (2010) (Hunter, J. dissenting), rev'd per curiam for the reasons stated in the dissenting opinion, —— N.C. ——, —— S.E.2d —— (Feb. 4, 2011) (No. 321A10); State v. Tice, 191 N.C.App. 506, 513, 664 S.E.2d 368, 373 (2008). Conversely, "'explicit comments by a trial judge that a defendant will receive a more severe sentence if he or she goes to trial and is convicted than he or she will receive if a proposed negotiated plea is accepted' will result in reversible error." Id. A mere reference to a defendant's decision to reject a negotiated plea, without any specific indication that the trial court based a more severe sentence upon the defendant's refusal to enter a guilty plea, does not necessitate appellate relief. Id. It is well-established that "[t]he trial court has discretion to determine whether to impose concurrent or consecutive sentences." State v. Parker, 350 N.C. 411, 441, 516 S.E.2d 106, 126 (1999) (citing N.C. Gen. Stat. § 15A1354(a)), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000);

9

> *see also* State v. Nunez, 204 N.C. App. 164, ——, 693 S.E.2d 223, 227 (2010).
>
> To warrant reversible error, defendant must show a reasonable inference that the trial court imposed a consecutive sentence as a result of defendant's decision to exercise his right to a jury trial. State v. Cannon, 326 N.C. 37, 39, 387 S.E.2d 450, 451 (1990). Examples of impermissible statements are where the trial judge makes explicit statements prior to trial that he will give defendant a harsher penalty if he does not accept the plea bargain, or where the trial judge's statements at the sentencing hearing clearly establish that he is punishing the defendant for not accepting the plea bargain. Pinkerton, 205 N.C. App. at ——, 697 S.E.2d at 11.
>
> In the instant case, the trial court engaged in a colloquy with defendant after imposing a consecutive sentence at the discretion of the trial court stating, "I don't punish people for trying their cases. They have a Constitutional right to do that. But it's just—to me, was a—with the evidence that was given, was a rather foolish choice. But that's the choice he's entitled to make." The trial court's remarks directly stated that the sentence was not a reflection of defendant's decision to exercise his constitutional right to a jury trial. There is no explicit statement or inference that the trial court imposed a consecutive sentence as a result of defendant's refusal of the plea offer.
>
> This argument is without merit.

Barnhill, 2011 WL 2206717 at *4-5.

Here, the record, as stated above, reflects that the trial court considered the option of running petitioner's sentences concurrently, but ultimately decided to run them consecutively. Further, trial judges have the constitutional authority to impose consecutive sentences for multiple offenses. See Oregon v. Ice, 555 U.S. 160 (2009). Because the trial court had the authority to impose consecutive sentences for multiple offenses, petitioner failed to establish that the trial court violated petitioner's constitutional rights when it imposed the consecutive sentence. Based upon the foregoing, the state

10

court adjudication did not result in a decision contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

Finally, the court addresses the ineffective assistance of counsel claims petitioner raised in his November 13, 2012, motion to amend including claims that counsel should have objected to petitioner's prior juvenile record being used to enhance his sentencing points,[2] jurors discussing the case among themselves, and the lack of a true bill of indictment. Petitioner, however, has not submitted any evidence to establish that the calculation of his sentencing points was erroneous. Nor has petitioner established any impropriety by the jurors or that the true bill of indictment was defective. Petitioner, instead, merely provides conclusory allegations in support of these ineffective assistance of counsel claims, which do not entitle him to an evidentiary hearing. Nickerson, 971 F.2d at 1136. Accordingly, petitioner has not established any professional dereliction or prejudice as required by Strickland. Because petitioner failed to satisfy either prong of the Strickland test for any of his ineffective assistance of counsel claims, the court GRANTS respondent's motion for summary judgment as to these claims.

      b.      Sufficiency of the Evidence

---

[2] Petitioner, in his response to respondent's motion for summary judgment, admits that his prior July 29, 1998, juvenile conviction remains part of his record, but requests that the conviction be removed. To the extent petitioner challenges his 1998 conviction in this action, such a challenge is untimely under 28 U.S.C. § 2244(d)'s one-year period of limitation. Further, petitioner is unable to challenge his 1998 conviction because he no longer was in custody pursuant to that conviction when he filed the instant action. See Maleng v. Cook, 490 U.S. 488, 490-491 (1998); Lyons v. Lee, 316 F.3d 528, 532-33 (4th Cir. 2003) (citing Maleng, 490 U.S. at 490-491).

11

In his final claim, petitioner alleges that there was insufficient evidence to convict him of felony possession of stolen goods because the alleged stolen property was never proven to be stolen in that the prosecutor failed to produce vehicle identification numbers and receipts to establish the victim's ownership of the alleged stolen property. The standard of review for claims of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

Petitioner raised this claim in the court of appeals, in the context of his challenge to the trial court's jury instructions, and the court of appeals denied the claim on the merits reasoning as follows:

> In the instant case, defendant was charged with a violation of N.C. Gen.Stat. § 14–71.1, felonious possession of stolen goods. The elements of felonious possession of stolen goods are "(1) possession of personal property, (2) valued at more than [$1,000.00], (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose." State v. Parker, 316 N.C. 295, 302, 341 S.E.2d 555, 559 (1986) (citation omitted). Defendant challenges the trial court's instruction as to the fourth element.
>
> The trial court instructed the jury as follows:
>
> The second indictment alleges that the Defendant committed felonious possession of stolen goods. This is defined as possessing property which the Defendant knew or had reasonable grounds to believe had been stolen pursuant to a breaking or entering or was worth more than $1,000. For you to find the Defendant guilty of this offense, the State has to prove five things to you beyond a reasonable doubt:
>
> First, that two color TV sets, a computer and various other items that you heard described in the testimony [were] stolen. Property is stolen

12

when it is taken and carried away without the owner's consent by someone who intends, at the time, to deprive the owner of its use permanently and knows that he is not entitled to take it.

Second, that this property was stolen pursuant to a breaking or entering or was worth more than $1,000. I've already described to you what breaking and entering is so you—I won't repeat that here.

The third thing is that the Defendant possessed the property. One has possession of property when he has both the power and intent to control its disposition or use. You will recall my explanation of both actual and constructive possession that I gave you at the previous instruction. I will not repeat it here. You will adopt it and add it there.

Fourth, that the Defendant knew or had reasonable grounds to know that the property was stolen pursuant to a breaking or entering or valued at more than $1,000 that it was stolen.

Fifth, that the Defendant possessed it with the dishonest purpose. Converting it to his own use would be a dishonest purpose. Keeping it for the purpose of sale would be a dishonest purpose.

So if you find from the evidence beyond a reasonable doubt that the property described was stolen pursuant to a breaking and entering or was worth more than a $1,000 and that on or about the alleged date, the Defendant possessed this property knowing or having reasonable grounds to believe that the property was stolen pursuant to breaking or entering or valued at more than $1,000 and that the property was stolen and that the Defendant possessed it for a dishonest purpose, it would be your duty to return a verdict of guilty of felonious possession of stolen goods. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

Defendant contends that "the trial court's instruction as a whole allowed [ ] defendant to be convicted if the jury found defendant knew or had reasonable grounds to believe that the property was worth over $1,000." Defendant argues that the instruction relieved the State of its burden of proving defendant had "guilty knowledge" that the property was stolen.

We note that the trial court instructed the jury in accordance with N.C.P.I.—Crim. 216.48A on this charge. The trial court's instruction

13

> followed the pattern jury instruction almost verbatim. The jury was instructed that they must find that the property was stolen in order to convict defendant of felonious possession of stolen goods. This element is embedded in the first, second, and fourth prong of this instruction. The language that the property was stolen pursuant to a breaking and entering or was valued at more than $1,000.00 merely elevated the crime from a misdemeanor to a felony. See N.C. Gen.Stat. §§ 14–71.1, –72. The trial court specifically instructed the jury that to find defendant guilty of this crime it must find that "the Defendant possessed this property knowing or having reasonable grounds to believe that the property was ... valued at more than $1,000 and that the property was stolen[.]" (Emphasis added.) Thus, each of the alternative bases contained in element form contained a requirement that defendant knew or had reasonable grounds to believe that the property was stolen. Defendant's argument misstates the trial court's instruction. We note that defendant does not argue that because of defects in the charge as to the fourth element that defendant could only have been convicted of misdemeanor possession of stolen goods. The trial court did not commit error, much less plain error.

Barnhill, 2011 WL 2206717 at *3.

Petitioner's sufficiency of the evidence challenge focuses on the jury's determination that petitioner had guilty knowledge. At trial, Keith Anton Drakeford testified that petitioner assisted him with the burglary that produced the stolen property. Resp't's Mem. Ex. 7, p. 78. The record also reflects that some of the stolen property was recovered from petitioner's home and that petitioner was arrested at the scene of another break-in. See Barnhill, 2011 WL 2206717 at *1. Based upon the foregoing, the evidence presented at trial was sufficient for a rational trier of fact to find the essential elements of felony possession of stolen property beyond a reasonable doubt.

In sum, petitioner is unable to show that the adjudication of the court of appeals was contrary to, or involved an unreasonable application of, clearly established federal law or an unreasonable application of the facts. Thus, respondents are entitled to summary judgment for this claim.

    c.    Conclusory Allegations

To the extent any of petitioner's pleadings could be construed to contain additionally claims, such claims fail for lack of evidentiary support. Nickerson, 971 F.2d at 1136 (stating that unsupported, conclusory allegations do not entitle a petitioner to an evidentiary hearing).

D.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

15

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 26) is GRANTED. Petitioner's motions to appoint counsel and for an extension of time (DE 33) are DENIED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge