IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2141-FL

| | | |
|---|---|---|
| ANTHONY JUNIOR BARNHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF NORTH CAROLINA and F. TAYLOR, | ) ) | |
| | ) | |
| Respondents. | ) | |

This matter comes before the court on petitioner's motions captioned "suggestion for rehearing en banc" (DE 38) and "petition for rehearing" (DE 37), which this court construes as motions to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Also before the court is petitioner's motion for a certificate of appealability (DE 36). For the following reasons, the court denies petitioner's motions.

The court begins with petitioner's motion to alter or amend judgment pursuant to Rule 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to

correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner's conclusory allegations set forth in his Rule 59(e) motions fail to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion.[1] Instead, he re-argues the merits of his dismissed claims or raises new conclusory claims. This is not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618; Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (stating that unsupported, conclusory allegations do not entitle a petitioner to an

---

[1] Petitioner states that he "gives new witnesses and evidence. Terri D. Barnhill . . . and Camilla A. Morris . . . who were not available at trial." (Pet.r's Mot. (DE 38), p. 2.) However, the court addressed Morris' affidavit in its order granting respondent's motion for summary judgment. Further, there is no evidence that Morris was willing to testify at petitioner's trial. Moreover, as found by another judge in this district, petitioner filed this same affidavit in three habeas actions, and it is unclear whether the affidavit relates to the convictions he attempted to challenge in the instant petition. See Barnhill v. North Carolina, 5:12-HC-2153-F (E.D.N.C. Mar. 19, 2014).

To the extent petitioner asserts that his counsel was ineffective for failing to call Terri D. Barnhill at trial, such claim fails because petitioner has not established that Barnhill's testimony would have been likely to alter the outcome of his trial. See Hamilton v. Arthur, No. 7:06CV00682, 2007 WL 1795690, at *8 (W.D. Va. June 21, 2007) ("Courts cannot find an attorney ineffective for failing to call a witness when the only evidence of that witness's potential testimony is the Petitioner's conclusory statements."), appeal dismissed, 272 F. App'x 245 (4th Cir. 2008).

evidentiary hearing), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999)). Accordingly, petitioner's motion to alter or amend the judgment is DENIED.

The court now turns to petitioner's motion for a certificate of appealability. The court dismissed petitioner's action February 25, 2014, and denied a certificate of appealability. Petitioner now is before the court requesting that it issue a certificate of appealability. Because the court previously denied petitioner a certificate of appealability and because petitioner has not provided any grounds for this court to alter this determination, the court DENIES petitioner's motion for a certificate of appealability.

In summary, petitioner's Rule 59(e) motions (DE 37, 38) and motion for a certificate of appealability (DE 36) are DENIED.

SO ORDERED, this the 27th day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge